UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS f/k/a PATRICK MORIN and JOSEPH OLIVIERI, as Trustees of the EMPIRE STATE CARPENTERS WELFARE, PENSION, VACATION, ANNUITY, SCHOLARSHIP, APPRENTICE-TRAINING, LABOR-MANAGEMENT COOPERATION and CHARITABLE TRUST FUNDS,<br><br>                                            Plaintiffs,<br><br>-against-<br><br>PLS CONSTRUCTION SERVICES, LLC and PETER L. SMITH,<br><br>                                            Defendants. | 20 CV_____<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a Patrick Morin and Joseph Olivieri, as Trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds (the "Funds"), by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. On March 21, 2011, Plaintiffs obtained a judgment against PLS Construction Services, LLC ("PLS") and Peter L. Smith in the United States District Court for the Eastern District of New York in the amount of $90,966.44 (the "Judgment"). Plaintiffs seek, pursuant to Section 5014 of the New York Civil Practice Law and Rules ("CPLR"), to renew the Judgment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action as the Court has subject matter jurisdiction to enforce a judgment entered by the Court. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1391(b)(2) as the Judgment was entered in this judicial district and as the events underlying the Judgment occurred in this judicial district.

## THE PARTIES

4. The Funds are multiple labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act and Section 302(c) of the Labor Management Relations Action, 29 U.S.C. § 186(c). The Funds maintain a principal place of business and are administered at 270 Motor Parkway, Hauppauge, New York 11788.

5. Upon information and belief, at all times relevant hereto, Defendant PLS was and is a for-profit business organized under the laws of the State of New York, with its principal place of business at 33 Point View Drive, East Greenbush, New York 12061.

6. Upon information and belief, at all times relevant hereto, Defendant Peter L. Smith was and is a principal and/or officer of PLS. Upon information and belief, Smith resides at 174 South Melcher Street Extension, Johnstown, New York 12095.

## STATEMENT OF FACTS

7. PLS was a signatory to, or otherwise bound by, a collective bargaining agreement with the non-party North Atlantic States Regional Council of Carpenters f/k/a the Empire State Regional Council of Carpenters under which it was required to remit benefit contributions to the Funds.

8. PLS failed to remit all required benefit contributions to the Funds, and the Funds filed a lawsuit to recover the unpaid benefits and related amounts.

9. On March 21, 2011, Plaintiffs obtained the Judgment against Defendants in the United States District Court for the Eastern District of New York in the amount of $90,966.44. A copy of the Judgment is attached hereto as **Exhibit A**.

10. No portion of the Judgment has been paid.

## FIRST CLAIM FOR RELIEF

11. CPLR § 5014 authorizes a judgment creditor to renew a judgment for an additional ten years, provided that the action to renew the judgment is commenced "during the year prior to the expiration of ten years since the first docketing of the judgment."

12. In accordance with CPLR § 5014, Plaintiffs are bringing this action during the year prior to the expiration of ten years since the first docketing of the Judgment.

13. Plaintiffs are entitled to a renewal judgment against Defendants in the amount of the full unsatisfied amount of the Judgment plus interest of 9% per annum running from the date of the docketing of the original judgment. *See Cadle Co. v. Biberai*, 307 A.D. 2d 889 (1st Dep't 2003).

**WHEREFORE**, Plaintiffs respectfully request that the Court (i) award a renewal judgment against Defendants in the amount of $90,966.44 plus interest thereon at the rate of 9% per annum from March 21, 2011 and (ii) award Plaintiffs such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>November 3, 2020 | Respectfully submitted,<br><br>**VIRGINIA & AMBINDER, LLP**<br><br>By:  /s/  <br>Nicole Marimon, Esq.<br>40 Broad Street, 7th Floor<br>New York, New York 10004<br>Tel: (212) 943-9080<br>*Attorneys for Plaintiffs* |